UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SARA J. KUBIK,

          Plaintiff,          Case No. 15-cv-12055

v.          Honorable Thomas L. Ludington

CENTRAL MICHIGAN UNIVERSITY
BOARD OF TRUSTEES, et al.,

          Defendants.

_____/

**ORDER OVERRULING OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING MOTION TO COMPEL**

Plaintiff Sara J. Kubik initiated this suit against Defendants Central Michigan University Board of Trustees, Maria Marron, Lori Brost, Timothy Boudreau, Michael Gealt, and Shelly Hinck on June 5, 2015. Pl. Compl., ECF No. 1. Kubik pleaded four counts: (1) sex/pregnancy discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e); (1) sex discrimination under the Elliot Larsen Civil Rights Act (ELRCA), M.C.L.A. 37.2101; (3) pregnancy discrimination under the ELRCA, M.C.L.A. 37.2202(1)(d); and (4) retaliatory actions in violation of the ELRCA and Title VII. *Id.*

During the dates in question, Plaintiff Sara Kubik worked as a non-tenured, appointed, assistant professor at Central Michigan University (CMU). Pl. Compl. ¶ 18. Defendants Marron, Brost, Boudreau, Gealt, and Hinck were all either professors or administrators at CMU. *See id.* at ¶¶ 5–9. Kubik alleges that she became pregnant while working at CMU and took leave on April 15, 2013, pursuant to the Family Medical Leave Act. *Id.* at ¶¶ 19–21. She further alleges that, as a result of taking that leave, Defendants harassed and discriminated against her, including refusing to grant Kubik a tenure extension and deciding to not reappoint her as a professor. *Id.* at

¶ 23, 31. Defendants argue that Kubik's request for a tenure extension was denied and she was not reappointed because of her unsatisfactory performance and insufficient scholarship. *See* Def. Answ. At ¶ 11, 23, 24, 27, 28, ECF No. 9.

Kubik brought this action against Defendants on June 5, 2015. ECF No. 1. In her complaint, Kubik alleged that she suffered financial injury, bodily injury, and emotional and mental distress. *Id.* at ¶¶ 38, 43, 48. She further alleged that she would continue to suffer these same injuries in the future. *Id.* During discovery, Defendants requested Kubik's medical records for the dates in question. Although Kubik originally planned to provide those records, she later stipulated to seeking only "garden-variety" emotional damages and refused to provide her medical records, including those from her psychologist, Tom Olson. Pl. Resp. to Objs. at 4, ECF No. 36. At a hearing held on March 8, 2016, Kubik further stipulated that she was not seeking damages for physical injuries in connection with the emotional distress and that she was not planning to call medical professionals as witnesses. Transcript at 8–11, ECF No. 34. On February 5, 2016, Defendants filed a motion to compel release of Kubik's medical records. ECF No. 24. That motion was referred to Magistrate Judge Morris, ECF No. 25, who denied the motion to compel on March 17, 2016. ECF No. 32. Defendants timely objected to Judge Morris' order, and those objections will now be considered.

**I.**

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous'

standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

Objections to a magistrate judge's non-dispositive order must be both timely and specific. *See Slater v. Potter*, 28 F. App'x 512, 512 (6th Cir. 2002). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. Defendants have raised two objections to the magistrate judge's decision.

**A.**

First, Defendants argue that the magistrate judge did not address Plaintiff's refusal to produce medical records relevant to Kubik's physical injuries. The magistrate judge's opinion addresses whether Kubik has waived her psychotherapist-patient privilege by alleging damages

from emotional or mental distress. It does not directly address whether Kubik should be compelled to produce her non-psychological medical records.

There is no physician-patient privilege under federal law. *Gen. Motors Corp. v. Dir. of Nat. Inst. for Occupational Safety & Health*, 636 F.2d 163, 165 (6th Cir. 1980) (citing *Whalen v. Roe*, 429 U.S. 589 at 602, n. 28 (1977)). And although a psychotherapist-patient privilege exists, it covers only "confidential communications made to licensed psychiatrists and psychologists." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). Defendants seek medical records from Dr. Tom Olson, a psychologist, Dr. Mark Maslovich, a gynecologist, and Dr. Clint Cornell, a general practitioner. Pl. Resp. Inter. At 10, ECF No. 36, Ex. 2. Because only the records from Dr. Olson are conceivably covered by the psychotherapist-physician privilege, Kubik cannot rely on that privilege in refusing to produce the records from Dr. Maslovich and Dr. Cornell. Instead, Defendants are entitled to discovery of the non-privileged medical records if they are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. *See also Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) ("The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.").

The magistrate judge weighed the need for the psychotherapist records under the threshold test for relevance, but did not explicitly analyze the need for the non-privileged medical records. The magistrate judge's analysis focused solely on the relevance of the medical records to Kubik's mental and emotional distress claims. But Kubik is also alleging claims of physical injury and distress. *See* Compl. At ¶¶ 38, 43, 48, 56. In her initial disclosures, Kubik alleged that her damages include "physical effects" and payment for "doctor's visits and treatment." Initial Discl. at 7, ECF No. 27, Ex. 1.

However, during the hearing held on March 8, 2016, Kubik's attorney stipulated on the record that Kubik was not seeking damages based on physical consequences from the emotional harm and was not planning to call medical personnel as witnesses. *See* Transcript at 9–10. Kubik's attorney explained that the physical damages were plead for "taxation reasons" and that she was willing to "remove that from [the] complaint" if necessary. *Id.* at 10–11. Given this stipulation on the record, the medical records from Kubik's gynecologist and family doctor are not relevant. Kubik has never indicated that she plans to call them as witnesses, *see* Pl. Resp. Inter. at 2–6, and because she is no longer seeking damages for physical injuries, any records they might possess are not "reasonably calculated to lead to the discovery of admissible evidence." *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 389 (E.D. Mich. 2012). Given Kubik's stipulations, the magistrate judge's decision to not directly address whether Defendants were entitled to non-privileged medical records relating to Kubik's alleged physical injuries was not clearly erroneous.

**B.**

Second, Defendants argue that the magistrate judge erred in ruling that Kubik did not waive her psychotherapist-patient privilege by alleging emotional and mental distress in her complaint. Federal common law governs questions of privilege in federal question cases. *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992). In the Sixth Circuit, private communications between psychotherapists and their clients are privileged under Fed. R. Ev. 501. *In re Zuniga*, 714 F.2d 632, 639 (6th Cir. 1983). However, a plaintiff waives that psychotherapist-patient privilege when he or she puts their emotional state at issue in the case. *Maday v. Pub. Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007). A plaintiff who asserts mental injuries places his or her mental state in controversy." *Schlagenhauf v. Holder*, 379 U.S.

104, 119 (1964). Most courts to consider the issue have adopted an exception to this general rule where the plaintiff merely seeks "garden variety" emotional distress damages, holding that the plaintiff does not waive their psychotherapist-patient privilege by doing so. *See Salser v. Dyncorp Int'l, Inc.*, No. 12-10960, 2014 WL 7139886, at *2 (E.D. Mich. Dec. 12, 2014). Courts have held that a plaintiff alleges more than mere "garden variety" damages if any of the following factors are present:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

*Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995).

The magistrate judge found that Kubik did not put her mental state at issue because she stipulated to seeking only "garden-variety" damages. Order at 11, ECF No. 32. Defendants argue that Kubik waived the psychotherapist-patient privilege because Michigan law governs the pendant state claims and Michigan law provides that a plaintiff waives the privilege whenever he or she seeks damages for emotional distress. But when an action is brought in federal court based on federal question jurisdiction, federal privilege law will apply even to pendant state claims. *Hancock*, 958 F.2d at 1373. Accordingly, the magistrate judge did not err by applying federal privilege law.

Defendants also argue that Kubik waived the privilege because her complaint claims damages for emotional and mental distress. However, as the magistrate judge rightly emphasized, Kubik has waived the right to recover damages for any emotional distress beyond "garden-variety." When a plaintiff waives the right to recover damages for more than "garden-variety" emotional distress, the plaintiff retains the psychotherapist-patient privilege. *See*

*Sunegova v. Vill. of Rye Brook*, No. 09-CV-4956 KMK, 2011 WL 6640424, at *10 (S.D.N.Y. Dec. 22, 2011); *Gatsas v. Manchester Sch. Dist.*, No. CIV. 05-CV-315-SM, 2006 WL 1424417, at *1 (D.N.H. May 17, 2006). The magistrate judge's ruling was not clearly erroneous.

Finally, Defendants argue that the magistrate judge erred by refusing to allow Defendants access to Kubik's medical records for the purpose of exploring whether Kubik's mental distress was related to outside stressors. Defendants' arguments primarily assert that medical records are discoverable for this purpose when plaintiffs put their emotional state at issue. The cases Defendants cite either did not involve claims for "garden-variety" emotional damages or adopted the minority approach to whether claims for "garden-variety" emotional damages waives psychotherapist-patient privilege. *See Maday v. Pub. Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007) (plaintiff put social worker's records at issue by introducing some of them herself); *Jones-McNamara v. Holzer Health Sys., Inc.*, No. 2:13-CV-616, 2015 WL 196415, at *1 (S.D. Ohio Jan. 15, 2015) (concluding that plaintiff was not seeking only "garden-variety" emotional damages); *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009) (psychotherapist-patient privilege waived because emotional distress damages was the only remedy sought); *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 660 (D. Kan. 2004) (adopting the minority approach).

Thus, Defendants are promulgating the same argument the magistrate judge considered and rejected in favor of the majority approach, which holds that requests for "garden-variety" emotional damages does not waive the psychotherapist-patient privilege. To the extent Defendants argue that the magistrate judge should have balanced the probativeness of the records against Kubik's privacy concerns, the magistrate judge properly relied on the Supreme Court's holding that the psychotherapist-patient privilege does not depend on the trial judge's

determination that the patient's interest in privacy outweighed the defendant's need for disclosure. *Jaffee v. Redmond*, 518 U.S. 1, 17 (1996). Thus, the magistrate judge's refusal to consider the importance of the medical records to the Defendants' case was not clearly erroneous. Defendants' second objection will be overruled.

## II

Accordingly, it is **ORDERED** that Defendants' objections, ECF No. 35, are **OVERRULED.**

Dated: August 22, 2016                    s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 22, 2016.

                    s/Michael A. Sian
                    MICHAEL A. SIAN, Case Manager

---